ALBANY,<br>Oct. 1828.<br>Wager<br>v.<br>Schuyler.

New trial denied.

---

## WAGER *vs.* SCHUYLER.

THIS was an action of covenant, tried at the Herkimer circit in September, 1827, before the Hon. NATHAN WILLIAMS, one of the circuit judges. The action was brought for the breach of a covenant of quiet enjoyment, contained in a deed executed by the defendant to one Jacob Springer, the plaintiff having been regularly evicted from *one third* of the premises conveyed, by a recovery in ejectment against him by a tenant in dower. A verdict was taken for the plaintiff, subject to the opinion of the court, for a nominal sum, to be increased or diminished as they should order. The facts of the case will be found in the opinion of the judge. The cause was argued by

In an action for the breach of a covenant of quiet enjoyment, where the plaintiff is evicted from *one third* of the premises conveyed, by a recovery against him by a tenant in dower, the measure of damages is the present value of an annuity equal to the interest on one third of the consideration mo-

ney received by the defendant, for the time that the tenant in dower has a probable expectation of life. In this case the tenant in dower being 50 years of age, healthy and of good habits, her expectation of life was put at 17 years.

*G. C. Bronson,* for plaintiff.

*J. L. Wendell,* for defendant.

*By the Court,* SUTHERLAND, J.    The only question is as to the measure of damages, the eviction being only for the life of the tenant in dower, and not in fee.    The defendant, Schuyler, conveyed the premises on the 21st of April, 1806, to one Jacob Springer, for the consideration of $1750.    The plaintiff, on the 3d of May, 1819, purchased from Martin Springer and wife, and Jacob Springer, jun., to whom the title had come by several mesne conveyances, for the consideration of $2500.    The recovery in ejectment, and eviction by the widow, was in August term, 1822.    It is admitted that the defendant paid the costs of defending the ejectment, and also all damages up to the first of May, 1824.    If the eviction had been in fee, the plaintiff could have recovered only one third of the purchase money received by defendant, with interest for six years and costs.    (3 *Caines,* 171.    4 *Johns. Rep.* 1.    13 *Johns. R.* 50.    9 *Johns. R.* 224.)    The measure of damages where the title to part of the land fails, is the value of the part to which the title has failed, taken in proportion to the price of the whole.    The contract is not rescinded so as to entitle the vendee to recover back the whole consideration money.    His recovery must be for the value of the part lost.    (*Morris* v. *Phelps,* 5 *Johns. R.* 49.)    The case of *Guthrie* v. *Pugsleys,* (12 *Johns. Rep.* 126,) is very analogous to this.    In that case, the Pugsleys had conveyed in fee to Guthrie with covenant of seisin, supposing they had an absolute estate in fee, under the will of their father; but the will, in fact, gave them but a life estate, but the remainder, not having been devised, they were entitled to two sixths as heirs at law to their father.    It was held, that as to two sixths, there was no failure of title, and that no damages were to be recovered for those portions; and as to the residue, as the plaintiff had, under his deed, the life estate of the defendants, his damages were four sixths of the consideration money, deducting therefrom the value of the life estate, and a venire was awarded for a jury to assess the damages upon those principles.

Upon the principle of the preceding cases, the rule of damages in this case is this: The fee of the one third recovered by the tenant in dower must be considered as equivalent in value to one third of the consideration money received by the defendant, that is, $583 33; and as the tenant in dower has only a life estate in the premises recovered, and as at her decease the fee will vest in the plaintiff, he is entitled to recover in this action, the present value of an annuity equal to the interest on one third of the consideration money received by the defendant, for the time that the tenant in dower has a probable expectation of life. She, on the 1st May, 1824, was 50 years of age, healthy and of good habits ; her expectation of life, according to an approved table of life annuities, is seventeen years. The present value of an annuity of one dollar for 17 years at seven per cent. is $\frac{9}{7632}$, and of $40,83\frac{31}{100}$, (the interest of $583,33 at 7 per cent.) for the same length of time, at the same rate of interest, is $398,66, which sum, with the interest thereof since 1st May, 1824, the plaintiff is entitled to recover. Judgment is therefore rendered for the plaintiff for $523,66.