[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 594 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 596 
The contract of the testator to support the plaintiff during her life and his violation thereof are found by the verdict. The judge held that upon these facts the plaintiff was entitled to recover, not only the expense of her support to the commencement of the action, but the entire amount of such expense during her life. To this the defendants excepted, insisting that if the plaintiff was entitled to recover at all, she could only recover for the time prior to the commencement of the action, or, at most, to the time of the trial. Upon this question the authorities are somewhat conflicting; but an examination satisfies me that the rule adopted by the judge is sustained by those best considered *Page 597 Fish v. Foley (6 Hill, 54) was an action upon a covenant of the defendant's intestate with the plaintiff to furnish him with sufficient water from the intestate's mill dam to carry his fulling mill and carding machine, unlimited in duration. It was held that a previous action in which damages were recovered up to the commencement of the action was a bar to a subsequent action for breaches after the commencement of the former action. NELSON, C.J., says in the opinion that the covenant stipulated for a continued supply of water to the plaintiff's mills, and in this respect may be appropriately styled a continuing contract; yet, like any other entire contract, a total breach put an end to it and gave the plaintiff a right to sue for an equivalent in damages. He obtained that equivalent, or should have obtained it, in the former suit. This is in principle precisely analogous to the present case. Here the contract of the testator was to support the plaintiff during her life. That was a continuing contract during that period, but the contract was entire and a total breach put an end to it, and gave the plaintiff a right to recover an equivalent in damages, which equivalent was the present value of her contract. Shaffer v. Lee (8 Barbour, 412) was an action upon a bond conditioned to furnish the obligee and his wife with all necessary meat, etc., during both and each of their lives. It was held to be an entire contract, and that a failure to provide according to the substance and spirit of the covenant amounted to a total breach, and that full and final damages might be recovered for the future as well as the past. It is obvious that the right to recover a full equivalent upon a breach is the same when the contract is by parol as when it it evidenced by an instrument under seal. Dresser v. Dresser (35 Barb., 573) was upon a like contract by parol, and it was held that upon a breach the entire damages might be recovered.
The counsel for the appellants insists that such cannot be the rule, for the reason, as he insists, that it is impossible to ascertain the damages, as the duration of life is uncertain, and a further uncertainty arising from the future physical condition *Page 598 
of the person. Guthrie v. Pugsley, (12 Johns, 126) andWager v. Schuyler (1 Wend., 553) show that the former reason has no force. In each of these cases the value of a life estate in real estate was determined in actions upon the breach of covenants of warranty, as to which the uncertainty as to the duration of life was the same as in the present case. It may be further remarked that in actions for personal injuries the constant practice is to allow a recovery for such prospective damages as the jury are satisfied the party will sustain, notwithstanding the uncertainty of the duration of his life and other contingencies which may possibly affect the amount. The counsel for the appellants cites cases where it has been held that, in actions for a continuing injury to real estate, damages can only be recovered to the commencement of the action, and that subsequent actions may be brought for damages sustained thereafter. This is the undoubted rule in this class of actions, but has no application to actions upon contracts which are entire. Cases are also cited applying the same rule in actions upon covenants to repair. Beach v. Crain (2 Comstock, 86) was of the latter class. Ferguson v. Ferguson (id., 360) was a case, as appears from the facts stated, of a partial and not total breach of the contract, in which it was correctly held that a recovery could only be had for the partial breaches that had occurred.
An exception was taken by the counsel to the reception of the Northampton tables as evidence tending to show the probable duration of the life of the plaintiff. It may be remarked that the objection thereto was general, not based upon the want of preliminary proof showing their genuineness or want of identity with those long in use by insurance companies and courts for this purpose. These tables were used by the Supreme Court in Wager
v. Schuyler (1 Wend., 553), for this very purpose, in an action of covenant, where the probable duration of life was determined by the court in this way, upon a verdict subject to the opinion of the court. That they have been long so used by the Court of Chancery in this *Page 599 
State and courts of equity in England is too well known to require any citation of cases. They have been adopted by a rule of the Supreme Court for this purpose (Rule 85). It would be singular indeed if, under these facts, they were to be held inadmissible, when the same fact was to be determined by a jury. They were competent in connection with the proof given as to the health, constitution and habits of the plaintiff. No complaint is made of the charge in this respect.
There was no error in refusing to charge, as requested, that if the jury found that the contract was to furnish the plaintiff a home in the family of the testator and support her, then the obligation of the contract terminated at the death of the testator. The evidence, if proving a contract at all, showed that it was to support the plaintiff during her life.
Jacob Harris, a witness for the defendants, testified that he was present at conversations between the plaintiff and testator, in which declarations were made by the latter, and acquiesced in by the former, and admissions by the plaintiff, in substance, that no contract to support the plaintiff had ever been made by the testator with her. Upon cross-examination the plaintiff asked him if he had not said since the death of the testator that the old lady ought to have $1,000 out of the estate. He denied having so said. The plaintiff, for the purpose of discrediting the testimony of Harris, offered to prove that he had so said. To this the defendants objected on the grounds that it was immaterial to the issue and that the plaintiff was bound by the answer and could not contradict an opinion. The objection was overruled and the testimony received, and the defendants excepted. The question presented must be settled by the application of certain rules of evidence, which are well settled. A party has the right, for the purpose of discrediting the testimony of an adverse witness, to prove statements made by him contradicting the testimony given after the requisite examination of the witness in regard to such statement. No question as to this was made upon the trial. An opinion expressed by a witness upon the merits is inadmissible, though in conflict *Page 600 
with his testimony. (Holmes v. Anderson, 18 Barb., 420 and cases cited in opinion.) A witness cannot be cross-examined upon a point not material to the issue, and his testimony in respect thereto shown to be untrue by other evidence. (Carpenter v.Ward, 30 N.Y., 243.) The question in this case is whether the statement made by Harris was the expression of an opinion, or, in effect, a declaration that the testator had entered into contract, as claimed by the plaintiff. If the former, the proof was inadmissible; if the latter, otherwise, as it so contradicted the testimony given. It does not appear that any claim whatever was made by the plaintiff except upon this contract. That claim was made. It was in reference to this that Harris said she ought to have $1,000, and therefore equivalent to a declaration that the contract was made. At least the proof would warrant this conclusion, and is therefore proper for the consideration of the jury.
The judgment appealed from must be affirmed, with costs.
All concur.
Judgment affirmed.