## JÁMES AMOS *vs.* JAMES A. OAKLEY.

Barnstable.    September 6. — 16, 1881.

On the issue whether the defendant had so broken a contract to support the plaintiff as to justify the latter in abandoning it entirely, evidence is inadmissible that, after the breach and shortly before action brought, the defendant executed a lease by the terms of which the lessee was to support the plaintiff, and of which no notice was given to the plaintiff until after the date of his writ.

If a contract by one person to support another for his life is entirely broken, the person entitled to support may recover damages for the whole value of the contract.

CONTRACT. Writ dated September 10, 1879. The declaration alleged, that on February 10, 1876, the plaintiff executed and delivered to the defendant a deed of certain real estate, in the town of Mashpee, of the value of $1000 ; that the defendant, in consideration of said conveyance to him by the plaintiff, agreed to provide the plaintiff with proper food and clothing and a comfortable home so long as he, the plaintiff, should live, and a decent burial after death ; that the defendant wholly failed and still fails to provide for him proper food and clothing and a comfortable home for him as he had agreed and promised ; that the plaintiff was thereby compelled, on June 9, 1879, to leave the house of the defendant and to elsewhere seek food, clothing and shelter, whereby the plaintiff had been put to great trouble and expense. Annexed to the declaration was a copy of a deed from the plaintiff to the defendant of certain real estate in Mashpee, which purported to be " in consideration of one dollar and the support of myself during my life, and a decent burial after death." The answer admitted the execution of the deed by the plaintiff, denied the other allegations of the declaration, and alleged that the defendant had faithfully, fully and in all respects performed all the obligations on his part to be performed by the terms of said deed. Trial in the Superior Court, before *Bacon*, J., who allowed a bill of exceptions, which, after referring to the pleadings as a part thereof, was in substance as follows :

It appeared by the evidence that, after the execution of the deed by the plaintiff to the defendant, the plaintiff lived in the defendant's house with him until June 9, 1879, at which date he

left the defendant's house voluntarily, went to the town of Falmouth, about eight miles distant, and to the house of one Spencer Edwards, where he has ever since remained; that the defendant wrote to the plaintiff while he was with Edwards, and before the bringing of this action, that as soon as the plaintiff's visit was over he would come for him and bring him home; that the defendant never went to bring the plaintiff home; and that the plaintiff never notified him to do so, or in any way replied to said letter, or informed him of the close of his visit; that in the fall of 1879 the defendant concluded to go to California for an uncertain time, and there was evidence on the part of the defendant tending to show that, in anticipation of an absence of some length from Mashpee, he made a contract with his father to furnish support to the plaintiff upon the plaintiff's return to Mashpee, and that the plaintiff had notice of this provision for him.

There was also evidence on the part of the defendant tending to show that before going to California the defendant executed a lease of the premises conveyed to him by the plaintiff, and that, in October or November 1879, the plaintiff was notified that, by a provision of said lease, he had the right to be supported upon said premises in the family of the lessee if he chose to go there. But the plaintiff testified that he had no recollection of any notice of either of the foregoing provisions for his support.

The witness who testified to the existence of the lease was asked by the defendant's attorney if any provision was made therein for the plaintiff's support. The attorney for the plaintiff demanded that the lease should be produced, and it was produced and handed to the plaintiff's attorney, who, after reading it and upon the defendant offering it in evidence, objected to its admission, and it was excluded by the judge upon the ground that it did not appear that the plaintiff had notice thereof before the bringing of this action ; and that its date was one day only before the date of plaintiff's writ. To this ruling the defendant excepted.

The plaintiff testified that for some time after executing the deed to the defendant he took his meals with the defendant at the house of the defendant's father, as he had been in the habit of doing before that time ; and that he got along very well with

the defendant excepting that, after the defendant's wife left him in the fall of 1878, his clothes were not kept in as good repair as before, and that, about the time he left and went to Falmouth, he ran short of clothes. There was no evidence that the plaintiff ever complained to the defendant as to his support, or that the defendant, upon any notice or request of the plaintiff relating to the contract between the parties, at any time, refused or neglected to furnish the plaintiff with any article or thing necessary to his support; but there was evidence tending to show that at the time the plaintiff left the defendant's house and went to Falmouth his clothing was not such as he was entitled to under his contract with the defendant.

The plaintiff has never notified the defendant that he considers the contract between them at an end, nor has he in any way released the defendant therefrom, and has never made any demand upon the defendant in relation to or connected with the said contract between the parties, excepting by bringing this action.

The defendant asked the judge to rule that, if the plaintiff was in need of necessaries under the contract between him and the defendant, it was his duty to demand them of the defendant if the defendant's neglect was not with intent to violate or repudiate his contract. The judge so ruled, and gave other instructions to which no exceptions were taken.

The defendant further requested the court to rule that the plaintiff can recover in this form of action, and upon the facts in this case, no damages beyond a fair price for his support, from the time he was obliged to leave the defendant's house by reason of the defendant's failure to perform his contract. The judge refused so to rule; but, at the plaintiff's request, ruled that the measure of damages was the difference between what the plaintiff paid for a support for his lifetime and what he received from the defendant. This ruling was not objectionable to the defendant if that asked for by him ought not to have been given; but the refusal to rule as requested was excepted to.

The jury found for the plaintiff in the sum of $800; and the defendant alleged exceptions.

*J. M. Day*, for the defendant.

*H. P. Harriman*, for the plaintiff.

DEVENS, J.   The declaration of the plaintiff alleged that the
defendant, who had agreed to furnish him proper support for
life, which included suitable clothing, had wholly failed and still
failed so to do; so that, on June 9, 1879, the plaintiff had been
compelled to seek food, clothing and shelter elsewhere.   While
there was an allegation that the defendant continued to fail to
provide proper support, nothing appears by the bill of exceptions
to show that any breach of contract was relied on in evidence
except the failure thus to provide for the plaintiff according to
the contract on or before said June 9.   On that day, the plain-
tiff had left the defendant's house, had never returned, and had
not responded to the subsequent offer of the defendant to come
for him and bring him home.   There was evidence tending to
show that, at the time the plaintiff left the defendant's house,
his clothing was not such as he was entitled to under the con-
tract.   As it must appear by the defendant's exceptions that the
evidence which he offered was improperly excluded, it is neces-
sary to consider only whether it was admissible upon the single
issue which appears by them to have been tried.

On September 9, 1879, the day before the writ in this action
was sued out, a lease was made by the defendant of the premises
conveyed by the plaintiff to him, in consideration of which he
had made the contract declared on, under which the lessee had
agreed that, if the plaintiff should return to the premises and
desire it, he would furnish the plaintiff with suitable clothing,
board and lodging.   Of this lease the plaintiff had no notice un-
til after action brought, and it was rightfully excluded when of-
fered in evidence by the defendant.   The question was whether,
on or before June 9, the defendant had so broken his contract
that the plaintiff was himself justified in abandoning it and in
seeking support elsewhere.   Upon such an issue, it was not
relevant to prove an agreement made long after the breach
relied on, and of which the plaintiff had no notice, between the
defendant and a third person, by which the latter undertook to
furnish support to the plaintiff.   Such a transaction could in no
manner affect a right of action already accrued, or deprive the
plaintiff of any existing claim for damages.

Whether the ruling given upon the subject of the damages
was correct need not be discussed.   No objection was made to it,

unless the defendant was entitled to that which he desired, which was substantially that the plaintiff was entitled to recover only for the failure to support to the time when action was brought. This request treated the contract as one of which there could be no final breach, and the remedy for its violation as consisting only in successive suits for damages as from time to time its violation might continue. But if this was a continuing contract for the plaintiff's life, it was also entire in its character, and a complete breach would justify the plaintiff in treating it as absolutely at an end, and in seeking a remedy which should give him an equivalent in damages for its value. Such value could readily be ascertained. The plaintiff was not obliged to renew a contract once broken by the default of the defendant, either by making subsequent demands, or accepting support afterwards tendered.            *Exceptions overruled.*