JAMES A. FARLEY and CHARLES SPEAR, Respondents, *v.* UNION MUTUAL LIFE INSURANCE COMPANY, Appellant.

*Life insurance — agreement to issue a paid-up policy for an equitable amount — how that amount is to be determined.*

The defendant issued a policy of insurance upon the life of Thomas Rigney on April 23, 1873, for the sum of $10,000, payable at the time of his decease; for which an annual premium of $762 was reserved. The premiums, twelve in number, were paid by him, and amounted in all, with a note of $2,291, to the sum of $9,144. By the policy it was agreed that, after three annual payments had been made, the company would at any time pay the holder of the policy its fair cash value upon its surrender while in force, or, in lieu of such cash value, would grant a paid-up policy for an equitable amount. The policy was assigned to the plaintiffs, who brought this action to compel the defendant to deliver a paid-up policy. The court determined that the plaintiffs were entitled to a paid-up policy for $9,144, subject to the amount due on the note.

*Held*, error; that this decision gave the plaintiffs the full benefit of all the premiums paid, and deprived the company of that portion which it had earned, by the risk taken upon the life of the assured, during the time the policy issued to him had been running.

That the plaintiffs were entitled to what was the equivalent of the present value of the policy issued to Rigney; and that was to be determined by the period for which it had then run, the amount of the annual premium, Rigney's time of life, and the probability of its continuance, according to the tables consulted and acted upon for such purposes.

Appeals from a judgment in favor of the plaintiffs recovered on a trial before the court, without a jury, and from an order making an additional allowance of costs.

*Merritt E. Sawyer* and *William D. Whiting*, for the appellant.

*Raphael J. Moses, Jr.*, for the respondents.

Daniels, J. :

The defendant issued a policy of life insurance upon the life of Thomas Rigney on the 23d day of April, 1873, for the sum of $10,000, payable at the time of his decease, for which an annual premium of $762 was reserved. This premium was paid by him to and including the year 1884, making, in all, twelve payments, amounting, with a note of $2,291, to the sum of $9,144. By the policy it was agreed that, after three annual premiums had been paid, the company would at any time pay the holder of the policy its fair cash value upon its surrender while in force, or, in lieu of such cash value, a paid-up policy for an equitable amount would be granted. The policy was assigned to the plaintiffs in the action, and on the 16th of April, 1885, they proposed to surrender it to the company and take, in lieu of it, a paid-up policy in the amount they were entitled to receive under this agreement. The court at the trial held and determined that the plaintiffs were entitled to a paid-up policy for $9,144, subject to an indebtedness of $2,210 upon the note, which had been reduced to that amount by an annual dividend. This decision necessarily gave the plaintiffs the full benefit of all the premiums which had been paid, and deprived the company of that portion which it had earned, by the risk taken upon the life of the assured, during the time the policy issued to him had been running. For that risk, by this decision, no com-

pensation whatever was made to the company, and the decision was accordingly erroneous.

What the plaintiffs were entitled to was a paid-up policy for an equitable amount upon the basis of the premium which had already been paid. In other words, they were entitled to what was the equivalent of the present value of the ten thousand dollar policy issued to Rigney; and that was to be determined by the period for which it had then run, his own time of life, and the probability of its continuance, according to the tables consulted and acted upon for such purposes. The case in this respect was within the principle of *Speer* v. *Phœnix Insurance Company* (36 Hun, 322). There the company had refused, as it did in this instance, to issue a paid-up policy for the amount claimed by the plaintiffs, and a recovery by way of damages for the refusal, corresponding with the amount of premiums which had been paid by him, with interest thereon, was held to be improper; and it was then declared that "he was entitled to recover a sum that equaled the value to him of the policy, or, in other words, that would make good to him the loss he sustained by its breach." (Id., 325.)

Incidentally, also, this subject has been considered in determining the value of policies of life insurance against the receivers of insolvent insurance companies, and they have been considered to be of that value only, which would enable the assured to obtain another insurance for the same amount in a solvent life insurance company. (*People* v. *Security Life Ins. Co.*, 78 N. Y., 114; *Attorney General* v. *Guardian Mutual Life Ins. Co.*, 82 id., 336.) Upon the trial of the action witnesses were examined to estimate the value or amount of a paid-up policy which should be issued upon the surrender of the original policy, considering the premiums which had been paid upon it. Their estimates, to some extent, were based upon chapter 347 of the Laws of 1879, which, however, has no application to this controversy, and also upon the effect of the Northampton tables, which they were at liberty to consider for the purpose of reaching an intelligent conclusion as to what should be the value or amount of the paid-up policy. (*Schell* v. *Plumb*, 55 N. Y., 592; *Sauter* v. *N. Y. Central, etc.*, 66 id., 50, 54.)

The estimates or conclusions, which these witnesses maintained by their evidence, all fell short of the amount allowed by the judg-

ment of the court. The utmost reserve value of the policy to be issued was stated by the witness Homans, under the principle embodied in the statute, at the sum of $3,377, while the witness Standon, making his estimate upon the actuary standard of mortality, placed the amount at $3,528.40, and upon the basis of the Northampton tables of mortality, at the sum of $3,343, and on the principle of the act of 1879, at the sum of $3,377. And one or the other of these amounts, instead of that included in the judgment, seemed to have been the proper amount to have been adopted by the court. What it was to consider was the fair value, at the time, of the policy to be surrendered, for that would indicate the equitable amount for which the paid-up policy should be issued. And in ascertaining and determining that it was necessary to con sider the time the policy had run, the age of the insured, the amount of the annual premiums which had been paid, and required to be paid during its continuance, and the probable period of its continuance. These circumstances would indicate with reasonable plainness what would be the equitable amount of a paid-up policy; and as before observed it would, probably, under the evidence, have been one or the other of the estimates of these two witnesses, who were the only persons sworn and examined as to this matter upon the trial. (*Taylor* v. *Bradley*, 39 N. Y., 129, 145.) What it was equitable the plaintiffs should receive was the fair value of the policy to be surrendered, or its fair equivalent in a paid-up policy, and to ascertain what that was, by the tenth of the stipulations upon the back of the policy, the amount unpaid on the note was required to be set off or deducted. The case of *Lovell* v. *St. Louis Mutual Insurance Company* (111 U. S., 264) is not applicable to the controversy between these parties, for there the stipulation was different from that contained on this subject in this policy.

As the judgment has proceeded upon an erroneous theory of the defendant's liability, another trial of the action will necessarily take place, and for that reason no special attention will be required for the appeal taken from the order making an additional allowance of costs.

The judgment should be reversed, with costs to abide the event, and the appeal from the order dismissed, without costs.

Brady, P. J., concurred.

Judgment reversed, new trial ordered, costs to abide event.