## McCAY v. McDOWELL.

**Statute of Limitations:** BREACH OF CONTRACT FOR SUPPORT. A con-
tract for the support of a person during his natural life is a con-
tinuing one, and the party bound thereby is liable for breaches
thereof during the life of the beneficiary (*Riddle v. Beattie*, 77
Iowa, 169); so that an action for such breach is not barred by the
statute of limitations, though brought more than five years after
refusal to support; but the recovery in such action must be
limited to such damages as have been sustained within the five
years next preceding the beginning of the action. (See opinion
for citations.)

*Appeal from Buchanan District Court.*—HON. D. J.
LENEHAN, Judge.

FILED, MAY 17, 1890.

ACTION to recover damages on account of an
alleged breach of contract for the support of plaintiff.
When the evidence had been fully submitted, the court
directed the jury to return a verdict for the defendant,
which was done, and judgment was rendered in his
favor for costs. The plaintiff appeals.

*Woodward & Cook*, for appellant.

*Hasner & McKee*, for appellee.

ROBINSON, J.—The plaintiff claims, and there is
evidence tending to show, that in March, 1878, the
defendant, in consideration of eight hundred dollars, to
him paid, verbally agreed to support plaintiff during
her natural lifetime, and furnish her a home in his own
family; that defendant performed the agreement on
his part until October, 1878, when he caused plaintiff to
leave his home, and refused to support her longer, but
retained the consideration paid for the agreement. It

is claimed on the part of defendant that the eight hundred dollars paid was designed as a gift by plaintiff to his wife, who is the daughter of plaintiff; that he never agreed to furnish clothing for plaintiff; that the only agreement made gave to plaintiff the privilege of staying with defendant as long as she wished to do so, and of leaving and returning to him when it suited her to do so. Defendant further claims that plaintiff has never been denied the right conferred upon her by the agreement. There is evidence tending to support the aforesaid claims of defendant. He also alleges that, if plaintiff ever had a cause of action, it is barred by the statute of limitations, for the reason that it accrued more than five years before the commencement of this action.

I. It is clear that the court erred in taking the case from the jury, unless the evidence shows without conflict that the action is barred. It is insisted by the appellee that the petition and the evidence for plaintiff shows beyond controversy that the alleged breach of contract occurred during or about the month of October, 1878; that the contract is an entirety, for the breach of which but one action can be maintained; and that the cause of action accrued at the time of the breach, in 1878. It was held in *Riddle v. Beattie*, 77 Iowa, 169, that a contract for the support of a person during her natural life was a continuing one, and that a party thereto would be liable for breaches thereof on his part during the life of the beneficiary. The doctrine that a contract of this kind is a continuing one has support in the authorities. *Schell v. Plumb*, 55 N. Y. 592; *Amos v. Oakley*, 131 Mass. 413; 1 Suth. Dam. 186. It is said the contract was terminated by the refusal of defendant to fulfill its requirements on his part in October, 1878. But he had received, and was retaining, the full consideration of the contract paid him, and could not, without the consent of plaintiff, rescind or otherwise terminate it. The facts shown would have authorized plaintiff to treat the breach as final, and to bring action for the

entire value of the contract from the time of the breach. *Parker v. Russell*, 133 Mass. 74 ; *Amos v. Oakley*, 131 Mass. 413 ; *Schell v. Plumb*, 55 N. Y. 592 ; 1 Suth. Dam. 186. But it is not shown that she has ever elected to so treat it. Whatever the rule may be in other states, in this state the bringing of an action on a contract of the kind in suit does not have the effect to terminate it. Section 2524 of the Code provides for successive actions on the same contract. See, also, *Richmond v. Railway Co.*, 33 Iowa, 495. We conclude that the court erred in withdrawing the case from the jury.

II. The appellant contends that she is entitled to recover all damages caused by the breach of the contract since the first day of October, 1878, while appellee insists that her right of recovery is limited to so much of her cause of action as accrued within five years from the beginning of this suit. If the action is founded upon a "continuous, open, current account," within the meaning of section 2531 of the Code, then the claim of the appellant must be sustained. She relies upon *Carroll v. McCoy*, 40 Iowa, 38, and the cases therein cited. The plaintiffs in those cases sought to recover for board furnished, and various outlays made, for which the defendants were responsible ; and it was held, in effect, that the actions were founded upon continuous, open, current accounts. But this action is not founded upon anything furnished by the plaintiff. She seeks to recover, not for what she has furnished, but for what the unwritten agreement of the defendant required him to furnish. This is clearly an action founded upon a breach of that agreement, and can include no cause of action which accrued more than five years before it was commenced. Code, sec. 2529, subdiv. 4. The judgment of the district court is

REVERSED.