No. 20,194.

MARTHA A. WILSON, *Appellant*, v. GEORGE A. HIGHLEY et al., *Appellees*.

### SYLLABUS BY THE COURT.

DEED—*Mother to Sons—Consideration Support—Action by Daughter to Set Aside Deed—Demurrer to Petition—Sustained.* A mother conveyed her land to her two sons in 1892, upon an alleged oral agreement that they would "keep, care for her and clothe and look after her during her natural life." The deed recited a consideration of $1000. After the death of the mother twenty two years later, her daughter brought an action against her brothers, her petition alleging that they had wholly failed to perform their oral agreement, and prayed for cancellation of the deed, for a decree awarding her a one-third interest in the land, and for partition and rents and profits. *Held*, that a demurrer to such a petition was properly sustained.

Appeal from Wilson district court; JAMES W. FINLEY, judge. Opinion filed May 6, 1916. Affirmed.

*P. C. Young,* of Fredonia, for the appellant.

*J. K. Demoss,* of Neodesha, for the appellees.

The opinion of the court was delivered by

DAWSON, J.: The plaintiff brought this action against her two brothers, alleging that in 1892 their mother conveyed to the defendants sixty acres of land in consideration of an oral promise that the defendants would "keep, care for her and clothe and look after her during her natural life."

The deed thus made recites a consideration of one thousand

dollars received by the mother. The plaintiff joined in the deed, but merely to perfect the title.

The petition continues:

"The plaintiff states that the said two defendants subsequently failed utterly to and refused and always continued, failed and refused to meet, keep, or perform the contract, that they at no time, cared for, kept, clothed or looked after the said Harriett E. Penn.

"The facts are that the said Harriett E. Penn, afterwards receiving a pension, as the widow of Stacy Penn, who was an old soldier, really supported, partly at least, the two defendants.

"Never at any time during the life of said Harriett E. Penn, did the said defendants or either of them, pay any consideration to Harriett E. Penn, their mother, who died in the year 1914; nor did they, or either of them at any time pay for her to any one, any consideration for said lands; nor did she ever elect to bring action against them, or either of them."

The prayer is for a cancellation of the deed, for judgment decreeing that plaintiff is the owner of a one-third interest in the land, for partition, and for rents and profits.

Was the demurrer to this petition properly sustained? Has the plaintiff any interest or concern in the alleged breach of the oral agreement made between her mother and her brothers twenty-two years ago? What is her interest? Has she some legal or equitable claim cognizable in law or equity which survives to her as coheir with the defendants for some wrong or injury perpetrated by her brothers, the defendants, against their mother in the mother's lifetime?

It is conceded by appellant that no precedent sustaining such a claim or interest as that contended for by plaintiff can be found in Kansas jurisprudence; and it may well be doubted whether even "the wilderness of single instances" could produce a precedent giving countenance to such a cause of action. But we are adjured to make a precedent here and now. True it is that "new occasions teach new duties, time makes ancient good uncouth," but several insurmountable obstacles bar the way to the promulgation of any novel doctrine in the instant case.

The first of these is the familiar and old-fashioned but frequently serviceable statute of limitations. If the petition be taken as entirely true, and upon demurrer it must be so considered, the defendants breached the oral agreement over twenty-two years ago and they have held the property adversely for all these years. This situation would effectually

bar an action for rescission and cancellation of the deed even if brought by the mother herself, and of course it bars those who claim under the mother.   In saying this we do not overlook the principle which would give the mother a cause of action or successive causes of action for breach of the alleged oral contract, but the scope of such an action would be limited to the statutory period.   (*McCay v. McDowell,* 80 Iowa, 146, 45 N. W. 730; *Whitley v. Whitley's Adm'r,* 26 Ky. L. Rep. 134, 80 S. W. 825; *Lane v. Wingate,* 25 N. Car. 326.)

Another obstacle equally potent is the familiar rule that in the absence of fraud, pleaded and proved, parole agreements made prior to or contemporaneous with a written agreement are inadmissible to alter or contradict the terms of the written instrument.   Here there was no pleading of fraud.   Here the written instrument recited a consideration of $1000 and acknowledged its receipt.

Again, it might be observed that this alleged oral agreement, of which the deed of conveyance gave no token and reserved no condition of forfeiture or right of reëntry, was not a covenant running with the land, but a mere collateral and personal covenant between the mother and her sons.   If she had any cause of action against them for the breach of such personal covenant it was a personal action which died with her.

What concern is it of this plaintiff that the defendants breached this personal covenant?   How can it be shown that the mother in her lifetime was not satisfied with the attitude of her sons?   She certainly acquiesced in their repudiation of the oral agreement.   She may well have remitted or forgiven the oral obligation if there was one.   This her pension would permit her conveniently to do, seeing that the petition alleges that she contributed to their support instead of their contributing to hers.   The fact that she obtained a pension furnishes the probable reason why the mother never sought to enforce the oral agreement and permitted the statute of limitations to run against it.

These observations do not exhaust the objections which might be made to such a cause of action as the one attempted to be stated by plaintiff, but they will serve to show that the district court made no mistake in sustaining the demurrer to plaintiff's petition.

The judgment is affirmed.