DAVID POLLACK, Respondent, v. MARCUS TAUSIG, Appellant, and Others, Defendants.— Motion granted to the extent of resettling the decision of December 29, 1933 [240 App. Div. 1009], so as to provide that the reference now in progress be continued for the purpose of determining the payments which the defendant Marcus Tausig claims to have made to the plaintiff and which are alleged to be usurious, and that the referee report thereon to the Special Term, together with his opinion. The foregoing is to be in lieu of our decision that there be a trial in Special Term of that issue. Present — Lazansky, P. J., Young, Kapper, Carswell and Davis, JJ.

MARGARET L. SNYDER, Respondent, v. KATE MANDEL, Appellant; BENJAMIN MOSTEL, Defendant.— Motion for leave to appeal to the Court of Appeals denied. Present — Lazansky, P. J., Young, Kapper, Carswell and Davis, JJ.

SOPHIE SOREN, Respondent, v. A. SCHOTTLAND, INC., Appellant.— Motion for leave to appeal to the Court of Appeals denied. Stay granted for thirty days to enable appellant to apply to the Court of Appeals. Present — Lazansky, P. J., Young, Kapper, Carswell and Davis, JJ.

MANUEL C. SOUSA, Also Known as MANUEL COSTA, Respondent, v. M. A. GAMMINO CONSTRUCTION CO., INC., Appellant.— Motion for reargument denied, with ten dollars costs. Motion for leave to appeal to the Court of Appeals denied. Present — Lazansky, P. J., Young, Kapper, Carswell and Davis, JJ.

JOSEPH WALDMAN, on Behalf of Himself and Other Stockholders Similarly Situated, Appellant, v. HENRY M. SUSSWEIN and Others, Respondents.— Order of November 13, 1933, resettled by changing the date of the judgment recited therein from April 28, 1933, to May 15, 1933, said incorrect date being stated inadvertently in the motion papers. Present — Lazansky, P. J., Young, Kapper, Carswell and Davis, JJ.

CHARLES BRAUNHUT, Respondent, v. NORMAN S. REIN, Appellant.— Interlocutory judgment unanimously affirmed, with costs. The defendant was estopped to assert that the action was improperly on the Special Term calendar, by reason of his conduct earlier in the litigation. Moreover, he waived a trial by jury, having failed to make a demand therefor pursuant to section 426 of the Civil Practice Act within the time prescribed after he had been served with a notice of trial by the plaintiff. He had a trial before a judge, without a jury, at Special Term, which differs in no particular, as a matter of substance, from a trial on the law side of the court before a judge without a jury. Present — Lazansky, P. J., Young, Kapper, Carswell and Davis, JJ.

MILDRED E. CAMERON, as Administratrix, etc., of GENERAL ELLIOTT CAMERON, Deceased, Appellant, v. BROOKLYN AND QUEENS TRANSIT CORPORATION, Respondent.— Judgment and order appealed from reversed on the law and the facts and a new trial granted, with costs to appellant to abide the event. The verdict is against the weight of the evidence and the interests of justice require a new trial. Lazansky, P. J., Hagarty, Carswell, Scudder and Tompkins, JJ., concur.

LAURA A. CARLIN, Appellant, v. MARY T. GILLEN, Respondent.— Order granting defendant's motion to set aside verdict and for a new trial unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Kapper, Carswell and Davis, JJ.