JOSEPH GROSSO and JOSEPHINE GROSSO, Respondents, v. STEPHEN SANTORI Defendant, and HELEN SANTORI, Appellant.— Plaintiffs sue defendants for specific performance of an oral agreement to support and maintain them and their family during their lives, and for damages for the breach of the agreement. As to defendant Stephen Santori the complaint was dismissed, and he is not a party to this

appeal. Judgment was entered in favor of plaintiffs and against defendant Helen Santori on the merits and the matter referred to an official referee to take proof and to report as to the damages. Plaintiffs allege defendants breached the agreement in October, 1927, but the agreement is an entire continuing contract and upon a breach thereof plaintiffs may sue for full and final damages, for the future as well as the past. (*Schell* v. *Plumb*, 55 N. Y. 592.) Specific performance is not the appropriate remedy for the collection of money. (*Muller* v. *Muller*, 266 N. Y. 68, 70.) Plaintiffs had an adequate remedy at law. (*Wirth & Hamid Fair Booking, Inc.*, v. *Wirth*, 265 N. Y. 214.) The motion to dismiss was seasonably made and the appealing defendant was not estopped from asserting that the cause was improperly on the equity calendar. *Braunhut* v. *Rein* (241 App. Div. 622) has no application. There the defendant was estopped by reason of his conduct throughout the litigation. Interlocutory judgment reversed on the law and the facts as to defendant Helen Santori, with costs, and complaint dismissed, with costs. Findings of fact and conclusions of law inconsistent herewith are reversed and new findings and conclusions will be made. Lazansky, P. J., Carswell, Tompkins, Davis and Johnston, JJ., concur. Settle order on notice.