CHESTER B. TEED, Plaintiff, *v.* THE SIDNEY NATIONAL BANK, Defendant.

County Court, Delaware County, January 11, 1936.

562

*Herbert C. Kibbe*, for the plaintiff.

*Arthur E. Conner* [*Paul F. Eaton* of counsel], for the defendant.

O'CONNOR, J. This is an action to recover the sum of $143.13, including $72.62 for sheriff's fees, on account of a levy made by the sheriff of the county of Delaware upon the cows of P. A. Jackson, a codefendant in an action brought by the defendant against said Jackson and Teed. The plaintiff in that action recovered a judgment against Teed and Jackson for the sum of $1,954.02 on August 10, 1933. Execution was issued thereunder to the sheriff on August 13, 1933, and was delivered to the sheriff on August 18, 1933. The sheriff claims to have levied under said execution on some cows and a bull, the property of said Jackson, on August 21, 1933. Teed at that time had a chattel mortgage for approximately $1,800 on the cattle levied upon by the sheriff under said execution. The under sheriff who made the levy testified that he notified the plaintiff that he had made the levy immediately after he made the same.

Plaintiff claims that in July, 1933, he made an offer to the defendant to pay the note upon which the judgment in the Supreme Court action was recovered against him and Jackson in monthly installments and understood the offer had been accepted. The defendant admitted that such an offer was made but that the plaintiff was informed by the defendant that its committee would have to pass upon the offer, and later informed the plaintiff that the offer was rejected. The plaintiff did make one or two payments, as he claims,

pursuant to said agreement. On November 17, 1933, the plaintiff took a new mortgage from said Jackson for the sum of $2,000 and on the same day assigned said mortgage to the defendant " as collateral security to judgment against P. A. Jackson and C. B. Teed, docketed August 10, 1933, for $1,954.02, balance due $1,684.84 and interest from November 21, 1933." On March 18, 1934, defendant paid the sheriff his fees, including poundage, of $72.62. The cattle were condemned by the State on May 5, 1934. The moneys received from the State and Federal governments were paid to the defendant to apply upon the judgment which the defendant had recovered against the plaintiff and Jackson. This, together with some moneys received on the sale of some other cows not covered by the chattel mortgage, left a balance due on the judgment of $210.56 and interest amounting to $1.58, making a total of $212.14. On August 2, 1934, the bank received a check from the Federal government on account of the condemnation of said cows for $355.27. The defendant then sent a statement to the plaintiff showing receipt of $355.27 and after deducting $352.21 made up of various items, among which was the amount of judgment of $212.14, sheriff's fees, $72.62, some other notes the defendant had against Jackson, upon which plaintiff was not liable, and a bill for attorney's fees, left a balance of $3.06, for which check was sent to the plaintiff, which he has kept but not cashed. Judgment was returned satisfied by the sheriff on August 4, 1934.

The defendant admits that it did not have a right to charge this plaintiff with the other notes of Jackson nor for the attorney fees. The only item in dispute here is the sheriff's fees of $72.62 for which the plaintiff claims he is not liable.

The plaintiff claims that the under sheriff did not make a legal levy. The under-sheriff testified that he showed the execution to Jackson, counted and made an inventory of the cows and told Jackson he had levied upon them. We are of the opinion that these acts were sufficient to constitute a levy. (*Roth* v. *Wells*, 29 N. Y. 471; *Bond* v. *Willett*, 31 id. 102; *Matter of Kogan*, 141 Misc. 412.) This being so, there is no question that the sheriff is entitled to his fees under subdivision 7 of section 1558 of the Civil Practice Act which provides in part as follows: " Where a settlement is made after a levy by virtue of an execution, the sheriff is entitled to poundage upon the value of the property levied upon, not exceeding the sum at which the settlement is made, and to the additional compensation, if any, provided for in this subdivision." (*Woodruff* v. *Imperial Fire Insurance Co.*, 27 Hun, 229.)

Plaintiff claims that the sheriff is entitled to mileage but not poundage. If he is entitled to either, he is entitled to both. The

defendant has paid the sheriff his fees amounting to $72.62 for his poundage and mileage and the only question here is whether or not the plaintiff is entitled to recover that sum from the defendant who withheld it at the time of settlement.

The execution was received by the sheriff on August eighteenth and was renewed by indorsements thereon by the attorney for the plaintiff in that action for sixty days in each instance on October 17, December 17, 1933, February 17 and April 17, 1934, and was returned satisfied August 4, 1934. Under instructions from the defendant here, the plaintiff in the action in which the execution was issued, the sheriff did not advertise nor attempt to sell the property upon which the levy was made. The plaintiff claims that he was not liable for the sheriff's fees because more than sixty days had expired when the execution was renewed on December 17, 1933, and at other subsequent times when the same was renewed, and that one renewal was made on Sunday. It has been held that an execution may be renewed at the instance of the plaintiff even though the sixty-day period has expired. (*Visger* v. *Ward*, 1 Wend. 553.) It is there stated: " The statute, * * * provides that it may be renewed from time to time, clearly intending that it might be kept alive as long as the plaintiff supposed there was any probability of finding any property to satisfy it; and it must be entirely indifferent to the defendant whether his property or his person is taken upon a renewed or original execution." (See *Wickham* v. *Miller*, 12 Johns. 320.)

It is unnecessary to decide whether the failure of the plaintiff to renew the execution within the sixty-day period on each occasion, and the renewal on Sunday, December seventeenth, rendered the execution and the levy thereunder void. The execution and the levy were in full force and effect on November 17, 1933, when an agreement was had whereby the plaintiff assigned to defendant the chattel mortgage he had taken from Jackson. By reason of that settlement the sheriff became entitled to his fees under subdivision 7 of section 1558 of the Civil Practice Act and it was immaterial whether the execution was kept renewed after that date or not. Had the sheriff attempted to sell under his levy a different question would be presented. (*Hathaway* v. *Howell*, 54 N. Y. 97, 102.) Evidently the defendant here had it in mind to keep the execution and the levy alive as additional security for the payment of the moneys due it from the plaintiff and Jackson. The moneys having been obtained from the plaintiff and Jackson by defendant under the assignment of the chattel mortgage which the plaintiff made on November 17, 1933, and the execution and levy having been alive on that date, whether it was kept alive by the defendant bank

after that date is immaterial. The return of the execution by the sheriff on August 4, 1934, was a matter of form as the defendant had received the moneys in settlement of the action at that time. The records would show that an execution had been issued and it was necessary that a return be made.

There is no evidence that there was any agreement in relation to the sheriff's fees at the time the assignment of the chattel mortgage was made. Plaintiff testified it was as collateral security for the payment of the note. At that time the plaintiff and Jackson were liable for the fees of the sheriff; there is no evidence that this defendant ever waived the payment of the same by plaintiff. When judgment is recovered, execution issued and a levy made, the sheriff is entitled to recover from the judgment debtor the amount of his fees. There is no evidence here that this liability on the part of the defendants in the Supreme Court action was ever waived by the sheriff or by the defendant here. When the moneys came into its hands under the collateral security it deducted the sheriff's fees which it had paid in March, 1934. This it had a right to do and the plaintiff here should reimburse them therefor.

It was agreed between the plaintiff and defendant on the trial that if the plaintiff was liable for the sheriff's fees he was entitled to recover $70.51. The plaintiff is, therefore, entitled to judgment for $70.51, with interest and costs, and to retain and receive his money on the $3.06 check which was delivered to him on August 2, 1934, by the defendant. However, there was an offer of judgment made on the trial of the action in Justice Court. There is no evidence as to just what this offer was and as to when it was made. Therefore, the amount of interest and costs the plaintiff is entitled to cannot be determined by this court at this time.

An order may be submitted and the question of interest and costs determined upon the settlement of the order.