ISAAC PARKER *vs.* ELECTA P. RUSSELL.

Franklin. May 24. — June 28, 1882. ENDICOTT & LORD, JJ., absent.

If the breach of a contract by one person to support another for his life is such that the latter may treat the contract as absolutely broken, and he so elects to treat it, he may recover damages for the whole value of the contract.

A declaration alleging that, in consideration of the conveyance by the plaintiff to the defendant of certain real estate, the defendant agreed to support the plaintiff during his life, and that the defendant accepted the conveyance and occupied the estate, but refused and neglected to perform his agreement, is sufficient to enable the plaintiff to recover damages as for a total breach of the agreement.

In an action for breach of an agreement by the defendant to support the plaintiff during his life, it appeared that the defendant supported the plaintiff in the former's house for five years, when the house was destroyed by fire; and that from the date of the fire to the date of the writ, a period of about two years, the defendant furnished no aid or support to the plaintiff. The judge instructed the jury that, "if the defendant for a period of about two years neglected to furnish aid or support to the plaintiff, without any fault of the plaintiff, the plaintiff might treat the contract as at an end, and recover damages for the breach of the contract as a whole." *Held,* that the defendant had no ground of exception.

CONTRACT. The declaration alleged " that the defendant, in consideration of the conveyance by the plaintiff to the defendant of certain real estate in Deerfield, promised and agreed to support and maintain the plaintiff, furnishing him with all things necessary and convenient in sickness and in health, during the natural life of the plaintiff; that the defendant accepted said conveyance, and has occupied and used said estate, but has refused and neglected. and still neglects and refuses to perform her said agreement." Writ dated September 14, 1880. Trial in the Superior Court, before *Bacon,* J., who allowed a bill of exceptions, in substance as follows :

The evidence tended to show that, in March 1873, the defendant, for a good consideration, agreed to support the plaintiff during his life; that she did support him in her house from that time till about October 1, 1878, when her house was destroyed by fire; and that since the fire the defendant. had furnished no aid or support to the plaintiff.

The defendant requested the judge to rule that damages could only be recovered in this action for failure to furnish

support to the plaintiff prior to the date of the writ; and that damages for such failure since the date of the writ must be sought in another action. The judge declined so to rule; and instructed the jury that if the defendant, for a period of about two years, neglected to furnish aid or support to the plaintiff, without any fault of the plaintiff, the plaintiff might treat the contract as at an end, and recover damages for the breach of the contract as a whole; and that the plaintiff would be entitled to recover compensation for the past failure of the defendant to furnish him aid and support, and full indemnity for his future support.

The defendant also requested the judge to rule that the plaintiff, under his declaration, could not recover damages for any period subsequent to the date of the writ; but the judge declined so to rule.

The jury returned a verdict for the plaintiff in the sum of $972.25; and found specially that the support of the plaintiff, under the terms of the contract, from the date of the fire to the date of the writ, was of the value of $377.40, and that the same from the date of the fire to the date of the trial was of the value of $473.60. In case the plaintiff should not be entitled to damages under the rule laid down by the judge, judgment was to be entered for the one sum or the other, as this court should determine the rule of damages to be. The defendant alleged exceptions.

*F. L. Greene,* for the defendant.

*A. De Wolf,* for the plaintiff.

FIELD, J. In an action for the breach of a contract to support the plaintiff during his life, if the contract is regarded as still subsisting, the damages are assessed up to the date of the writ, and not up to the time when the verdict is rendered. *Fay* v. *Guynon,* 131 Mass. 31.

But if the breach has been such that the plaintiff has the right to treat the contract as absolutely and finally broken by the defendant, and he elects so to treat it, the damages are assessed as of a total breach of an entire contract. *Amos* v. *Oakley,* 131 Mass. 413. *Schell* v. *Plumb,* 55 N. Y. 592. *Remelee* v. *Hall,* 31 Vt. 582. *Fales* v. *Hemenway,* 64 Maine, 373. *Sutherland* v. *Wyer,* 67 Maine, 64. *Lamoreaux* v. *Rolfe,* 36

N. H. 33. *Mullaly* v. *Austin*, 97 Mass. 30. *Howard* v. *Daly*, 61 N. Y. 362.

Such damages are not special or prospective damages, but are the damages naturally resulting from a total breach of the contract, and are suffered when the contract is broken, and are assessed as of that time. From the nature of the contract they include damages for not performing the contract in the future as well as in the past. The value of the contract to the plaintiff at the time it is broken may be somewhat indefinite because the duration of the life of the plaintiff is uncertain, but uncertainty in the duration of a life has not, since the adoption of life tables, been regarded as a reason why full relief in damages should not be afforded for a failure to perform a contract which by its terms was to continue during life.

When the defendant, for example, absolutely refuses to perform such a contract after the time for entering upon the performance has begun, it would be a great hardship to compel the plaintiff to be ready at all times during his life to be supported by the defendant, if the defendant should at any time change his mind; and to hold that he must resort to successive actions from time to time to obtain his damages piecemeal, or else leave them to be recovered as an entirety by his personal representatives after his death.

*Daniels* v. *Newton*, 114 Mass. 530, decides that an absolute refusal to perform a contract before the performance is due by the terms of the contract is not a present breach of the contract for which any action can be maintained; but it does not decide that an absolute refusal to perform a contract after the time and under the conditions in which the plaintiff is entitled to require performance, is not a breach of the contract, even although the contract is by its terms to continue in the future.

The cases cited by the defendant are not inconsistent with these views. In *Pierce* v. *Woodward*, 6 Pick. 206, the declaration was for a breach of a negative promise, namely, " not to set up the business of a grocer " within certain limits; and it was held that the damages could be assessed only to the date of the writ. The defendant might at any time, without the consent of the plaintiff, stop carrying on the business, when the plaintiff's damages would necessarily cease.

*Powers* v. *Ware*, 4 Pick. 106, was an action of covenant broken, brought by the overseers of the poor, under the St. of 1793, *c.* 59, § 5, for the breach of a covenant to maintain an apprentice under an indenture of apprenticeship. The court in the opinion speak of the common-law rule in assessing damages only to the date of the writ. But the statute under which the action was brought prevented the overseers from treating the contract as wholly at an end, because it gave the apprentice a right of action when the term is expired, "for damages for the causes aforesaid, other than such, if any, for which damages may have been recovered as aforesaid," that is, by the overseers.

*Hambleton* v. *Veere*, 2 Saund. 169, was an action on the case for enticing away an apprentice; and *Ward* v. *Rich*, 1 Vent. 103, was an action for abducting a wife; and neither throws much light on the rule of damages for breach of a contract.

*Horn* v. *Chandler*, 1 Mod. 271, was covenant broken upon an indenture of an infant apprentice, who under the custom of London had bound himself to serve the plaintiff for seven years; the declaration alleged a loss of service for the whole term, a part of which was unexpired; on demurrer to the plea, the declaration was held good, but it was said "that the plaintiff may take damages for the departure only, not the loss of service during the term; and then it will be well enough." But if this be law to-day in actions on indentures of apprenticeship, it must be remembered that they are peculiar contracts, in which the rights and obligations of the parties are often affected by statutory regulations, and in some cases they cannot be avoided or treated as at an end at the will of the parties.

In this case, the declaration alleges in effect a promise to support the plaintiff during his life, from and after receiving the conveyance of certain real estate, an acceptance of such conveyance, and a neglect and refusal to perform the agreement. These are sufficient allegations to enable the plaintiff to recover damages as for a total breach. The court instructed the jury that, "if the defendant for a period of about two years neglected to furnish aid or support to the plaintiff, without any fault of the plaintiff, the plaintiff might treat the contract as at an end, and recover damages for the breach of the contract as a whole." We cannot say that this instruction was erroneous

as applied to the facts in evidence in the cause, which are not set out.

The jury must have found that the plaintiff did treat the contract as finally broken by the defendant, and the propriety of this finding on the evidence is not before us.

                    *Judgment on the verdict for the larger sum.*