LIZZIE McLEOD, Respondent, v. JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY, Appellant.

**St. Louis Court of Appeals, May 4, 1915.**

1. **LIFE INSURANCE: Nonforfeiture Statute: Waiver of Proof of Death.** The provision requiring notice and proof of death within ninety days, contained in Sec. 6948, R. S. 1909, which provides that if insured's death occurs within the term of temporary insurance provided for in Sec. 6946, insurer shall be bound to pay the amount of the policy as if there had been no default in the payment of premiums, provided, however, that notice of the claim and proof of the death shall be submitted to insurer in the manner provided by the policy, within ninety days after the death of insured, is for the benefit of insurer, and may be waived by it.

2. ————: ————: **Proof of Death: Waiver: Estoppel.** In an action on a life insurance policy, the premiums on which were in default, but three-fourths of the net value of which, computed in accordance with Sec. 6946, R. S. 1909, was sufficient to provide temporary insurance so as to keep the policy in force up to the death of insured, it was shown that, about a week after the death of insured, the assistant superintendent of insurer told the beneficiary that he did not know the exact amount due under the policy and that she should go to insurer's office to ascertain this, but that she could collect only the cash surrender value, which was a very small sum. *Held*, that the statements of the assistant superintendent amounted to a denial of liability for the full amount of the insurance, constituting a waiver by insurer of proof of death; *held, further*, that these statements estopped insurer from asserting that the Nonforfeiture Statute was inapplicable by reason of the failure of the beneficiary to furnish it proof of death within ninety days from the date of death, as required by Sec. 6948.

3. ————: ————: **"Unconditional Surrender Value:" Sufficiency of Policy Provisions.** Under Sec. 6949, R. S. 1909, which provides that the three preceding sections, relating to the nonforfeiture of life insurance policies, shall not apply, if the policy contain a provision for an unconditional surrender value, at least equal to the net single premium for the temporary insurance provided for in Sec. 6946, a provision in a policy that, in case of default after premiums shall have been paid for three or more full years, the policy will have a surrender value,

payable on proper surrender "upon any subsequent anniversary of its issue," did not render the statutory provisions for extended insurance provided for by Sec. 6946 inapplicable, since the policy did not provide for an "unconditional surrender value," but conditioned the right to such surrender value, in that it was restricted and its payment postponed until a subsequent anniversary of the issue of the policy.

4. ————: ————: "Unconditional Commutation for Paid-up Insurance:" Sufficiency of Policy Provisions.   Under Sec. 6949, R. S. 1909, which provides that the three preceding sections, relating to the nonforfeiture of life insurance policies, shall not apply, if the policy contain a provision for the unconditional commutation of the policy for nonforfeitable paid-up insurance, a provision in a policy that, upon application within three months from date of default, the company will grant equivalent extended insurance, or if the surrender value amounts to ten dollars, or more, will, upon like application, grant its equivalent in paid-up insurance, did not render the statutory provisions for extended insurance provided for by Sec. 6946 inapplicable, since nothing short of a provision for the unconditional commutation of the policy for nonforfeitable paid-up insurance will suffice and the provision of the policy is conditioned upon an application made within three months and is limited to policies that have a surrender value amounting to ten dollars, or more.

5. ————: Waiver of Proof of Death: Furnishing Blank Proofs: Instructions.   In an action on a life insurance policy, an instruction given for plaintiff, which required a finding of every fact essential to a waiver of proof of death and, conjunctively therewith, required a finding that defendant had failed to furnish plaintiff blank statements for proof of death, was erroneous, for the reason that no duty rests on the insurer to furnish such statements in life insurance cases; but *held* that the error was immaterial, since the instruction merely required the jury to find an additional and unnecessary fact as a predicate to a finding of waiver.

6. INSTRUCTIONS: Submitting Unnecessary Facts: Harmless Error: Appellate Practice.   An instruction which requires the jury to find all the facts that are essential to a recovery is not to be condemned as reversible error because it conjunctively submits other facts, under an erroneous theory of the law, and requires a finding thereon.

Appeal from St. Louis City Circuit Court.—*Hon. Eugene McQuillin*, Judge.

AFFIRMED.

*Leahy, Saunders & Barth* for appellant.

(1) (a) The policy in suit provides for an unconditional cash surrender value. This cash surrender value is all that plaintiff was entitled to, and this was tendered. Sec. 6949, R. S. 1909; Epperson v. Ins. Co., 90 Mo. App. 432; Nichols v. Mut. L. I. Co., 176 Mo. 355; Fahle v. Ins. Co., 155 Mo. App. 15; Chandler v. Ins. Co., 180 Mo. App. 394. (b) The court will enforce the contract made by the parties and will not substitute another and different contract. The policy provided for a cash surrender value after default, which was $39.25, and largely exceeded the net single premium for temporary insurance, $21.84. There was a provision for extended insurance, but the method provided for obtaining the same was not pursued. There was also a provision for paid-up insurance, which in any event is required by Sec. 6949, R. S. 1909, and which ($62) defendant tendered. There should have been a peremptory instruction to find for plaintiff the amount, sixty-two dollars, tendered by defendant. (c) Assuming that Sec. 6948, R. S. 1909, applies, which we deny, plaintiff must show compliance with the provisions thereof before she can recover. Plaintiff admits she did not make proof of death. It is contended, however, that there was a waiver of the conditions and duties imposed upon plaintiff by the statute. But there was no waiver in this case. The testimony of plaintiff, Mr. Spiering and Mr. Tanquary makes this clear. The only pretended proof of waiver was the testimony of plaintiff that she requested an agent of defendant to call on her and asked him, a week after her husband's death, if the policy had any value, and that he said he thought it had, but that he would advise her to take the policy to the headquarters of the company and have that matter ascertained, and that he told her she had plenty of time to make her claim— a fact then strictly true, because she then had eighty-

three days; but she made no claim on the company until over seven months later. Chandler v. Ins. Co., 180 Mo. App. 394; Sec. 6948, R. S. 1909.

*James J. O'Donohoe* for respondent.

(1) There was neither pleading nor proof to overcome plaintiff's prima-facie case. Keily v. K. of F. M., 167 Mo. App. 619; Winn v. M. W. of A., 157 Mo. App. 1. Since the defendant's answer contained no affirmative defense, the plaintiff was entitled to a directed verdict. Burchard v. W. C. T. A., 139 Mo. 606; Gruwell v. K. & L. of S., 126 Mo. App. 496; Chadwick v. Order of Triple Alliance, 56 Mo. App. 474; Forse v. Knights of Honor, 41 Mo. App. 106; Mulroy v. Knights of Honor, 28 Mo. App. 467; Siebert v. Order of Chosen Friends, 23 Mo. App. 268. (2) The policy contains no stipulation for an unconditional paid-up or cash-surrender value. Paschedag v. Ins. Co., 155 Mo. App. 185; Whittaker v. Ins. Co., 133 Mo. App. 664; Smith v. Ins. Co., 173 Mo. 329; Cravens v. Ins. Co., 148 Mo. 583, affirmed 178 U. S. 389. Neither does the nonforfeiture law of the State of Massachusetts provide for an unconditional cash-surrender value. Moreover, said law was not pleaded by defendant. Sec. 76, ch. 118, Rev. Laws Mass. 1902. (3) Sections 7897 and 7899, Revised Statutes of Missouri 1899, became a part of the policy as much so as if copied therein. Whittaker v. Ins. Co., 133 Mo. App. 664. And if there are inconsistent provisions in said sections effect should be given to the one most favorable to the insured. Mitchell v. Accident Co., 179 Mo. App. 1; Farbanks Canning Co. v. Accident Co., 154 Mo. App. 327; Settle v. Ins. Ass'n, 150 Mo. App. 520; Burnett v. Ins. Co., 68 Mo. App. 343; Hoffman v. Accident Indemnity Co., 56 Mo. App. 301; Brown, Adm'x of Brown, v. Railway Passengers' Assurance Co., 45 Mo. 221; 1 Bacon on Benefit Societies (3 Ed.), sec. 179, cases cited; 1 Cooley Briefs,

pp. 632-634, cases cited. Since the statute contains no forfeiture clause for failure to make claim and furnish proof of death within ninety days after the decease of the insured, the policy is not avoided for failure to make such claim and furnish such proofs within said time. Courts do not supply forfeiture provisions, for the law does not favor forfeitures. State ex rel. v. Swanger, 212 Mo. 472; Dezell v. Fidelity & Casualty Co., 176 Mo. 253; Tetley v. McElmurry, 201 Mo. 394; Gruwell v. K. & L. of Security, 126 Mo. App. 496; James v. Casualty Co., 113 Mo. App. 630; Shell v. Ins. Co., 60 Mo. App. 644; Ins. Co. v. Downs, 90 Ky. 236; Haas v. Ins. Co., 84 Neb. 682; 2 Bacon Benefit Soc. (3 Ed.), sec. 352; Vance on Ins., p. 501; Richards on Ins. (3 Ed.), pp. 496, 497; 4 Joyce on Ins., Sec. 3282; Rynalski v. Ins. Co., 96 Mich. 395; Ins. Co. v. Mattingly, 77 Tex. 162; Vangindertaelen v. Ins. Co., 82 Wis. 112; Taber v. Ins. Co., 124 Ala. 681; Stinchcombe v. Ins. Co., 80 Pac. (Ore. S. C.) 213; Ins. Co. v. Owens, 77 Pac. 544; Mason v. Ins. Co., 82 Minn. 336; Assurance Co. v. Hanna, 60 Neb. 29; Rheims v. Ins. Co., 39 W. Va. 672; Tubbs v. Ins. Co., 84 Mich. 646. (4) The provisions of the statute in reference to claim and proofs of death can be waived. Chandler v. Ins. Co., 180 Mo. App. 394; Nicholas v. Ins. Co., 101 N. W. 118; 2 May on Ins. (4 Ed.), sec. 464; Lewis v. Ins. Co., 52 Me. 492; 4 Cooley Briefs Ins., pp. 3477, 3532. Such waiver may be made after the lapse of the stipulated time for the delivery of the proofs of death and need not be based upon a new agreement nor combine the elements of an estoppel. Dezell v. Ins. Co., 176 Mo. 253; Hamilton v. Railroad, 80 Mo. App. 601; Crenshaw v. Ins. Co., 71 Mo. App. 48; Fink v. Ins. Co., 66 Mo. App. 513; Fink v. Ins. Co., 60 Mo. App. 678; Stiepel v. Ins. Co., 55 Mo. App. 224; Equitable Life Society v. Mining, 58 Fed. 541; Prentice v. Ins. Co., 77 N. Y. 489.

NORTONI, J.—This is a suit on a policy of life insurance. Plaintiff recovered and defendant prosecutes the appeal.

Plaintiff is the widow of the insured, John N. McLeod, and beneficiary in the policy sued on. The policy is in amount $250, and was issued on October 7, 1903, for a stipulated premium of thirty-four cents to be paid weekly. Insured paid all of the premiums on the policy to and including the 18th day of August, 1909—that is, for a period of five years, ten months and eleven days. The policy was applied for and delivered in this State and the case concedes it a Missouri contract. The rights of the parties are, therefore, to be determined in accordance with our statutes.

The insured, John N. McLeod, died on the 28th day of October, 1911, or two months and ten days after the last weekly premium was paid on the policy—that is, when it was permitted to lapse. It is conceded in the case that the net reserve accumulated to the credit of the policy, when computed and applied in accordance with the rule of our Nonforfeiture Statute (section 6946, R. S. 1909), was sufficient, if applied as a net single premium for temporary insurance for the full amount written in the policy, to extend the insurance for a period of more than nine years after the date of the death of the insured. It is on this theory the suit proceeds, but defendant insists plaintiff is not entitled to the benefits of the Nonforfeiture Statute so as to enable her to recover the full amount of the policy, for three reasons:

First, that she did not give notice of the claim and furnish proof of death to defendant in accordance with the first proviso in section 6948, Revised Statutes 1909; second, that the policy is removed from the application of the Nonforfeiture Statutes because it contains a provision which vouchsafes an unconditional value for cash at least equal to the net single premium for the temporary insurance provided for under the statutes;

and, third, that it contains a provision, too, for an unconditional commutation of the policy into nonforfeitable paid-up insurance. These several propositions will be separately noticed in their order.

As before said, the case concedes that the net value was sufficient to extend the insurance for several years beyond the date of the death of the insured. It is conceded, too, that no condition of the insurance, other than that pertaining to the payment of premiums, had been violated by the insured at the time of his death. In such circumstances, under the provisions of section 6948, Revised Statutes 1909, when it appears, as here, that insured died during the term of temporary insurance covered by the value of the policy, the company shall be bound to pay the amount of the policy, the same as if there had been no default in the payment of the premium, anything in the policy to the contrary notwithstanding. But this is subject to the proviso contained in the same section as follows: "Provided, however, that notice of the claim and proof of the death shall be submitted to the company in the same manner as provided by the terms of the policy, within ninety days after the decease of the insured."

It is urged that, in view of this proviso, plaintiff is not entitled to recover, for that she omitted to give notice of the claim and proof of death to the company within the ninety-day period. It is true plaintiff made no formal proof of death, though it does appear she gave notice in due time to defendant's assistant superintendent. There can be no doubt that the proviso in the statute requiring notice and proof of death within ninety days is for the benefit of defendant and that its provisions may be waived by it. Such has been expressly decided in the case of Chandler v. John Hancock Mut. Life Ins. Co., 180 Mo. App. 394, 167 S. W. 1162. Plaintiff insists that defendant's conduct about this matter in the instant case was such as not only to afford substantial evidence of a waiver, but consti-

tutes an estoppel against it as well; and, indeed, we are persuaded to this view.

It appears that, within about a week after the insured died, plaintiff, his widow, wrote a letter to Mr. Tanquary, who had formerly been an agent for defendant and was well known by plaintiff, but at that time was its assistant superintendent in St. Louis. She requested Mr. Tanquary to call on her and discuss the matter pertaining to the policy. He did so and she presented to him both the policy and the receipt book of the company, informing him of the death of her husband, and requesting information as to what her rights were in the premises. Concerning this matter plaintiff testifies as follows:

"Q. Did he (Mr. Tanquary) tell you that this policy would be paid or not? A. He told me that I could just collect about six dollars on it. Q. Did he tell you what that six dollars represented? A. He told me it was for what I had paid in. Q. Did he say it represented the cash surrender value of the policy? A. The cash surrender value. Q. In order to get this cash surrender value did he tell you you would have to make any claim in any given time or not? A. No, sir; he told me I had plenty of time. Q. To make claim for your six dollars? A. To make claim for that six dollars."

Plaintiff further says that Mr. Tanquary told her to take the policy and go to defendant's office to some number on Grand avenue, which she had forgotten, where the matter would be attended to, but she neglected to do so. In her cross-examination, the following questions and answers appear:

"Q. Mr. Tanquary, when he called on you at your request, did tell you to take the policy to some office and then ascertain if it had any value, did he not? A. Yes, sir. Q. He said he thought it had some small value, but he was an agent and didn't know and you should go to the office of the defendant and you would

be properly advised; did he tell you that? A. Yes, sir. . . . A. He just told me to go down to the office.'' But plaintiff neglected to do so.

Obviously these questions and answers, when considered together with those in the direct examination, constitute substantial evidence tending to show a denial of liability on the part of defendant through its assistant superintendent for the claim now asserted under the statute for the full face of the policy less premiums forborne, so as to effect a waiver of proof of death. The question in decision as to plaintiff's right is under the proviso of the statute pertaining to her failure to furnish proof of death to defendant. If the assistant superintendent made such statements to her as were calculated to mislead with respect of her right to recover the face of the policy, as she says, by saying that her claim amounted to only about six dollars, and this on account of what she had paid in as a cash surrender value, then defendant may be regarded, too, as estopped from asserting her failure to furnish proof of death within the time specified. The evidence above pointed out we consider amply sufficient to authorize the jury to find, as it did, that plaintiff was led to believe by the conduct of the assistant superintendent that such claim and proof would be unavailing to enable her to collect the face of the policy on the theory of extended insurance.

In this connection, it is to be remembered the representations of the assistant superintendent, Tanquary, so made to plaintiff, were put forward about one week after her husband's death and while she yet had more than eighty days under the statute to supply the proofs required. If she could ''just collect six dollars on it,'' as the assistant superintendent said, and such only as a cash surrender value, it is clear enough that there was no necessity of furnishing the proof of death under the provisions of the statute, to the end of collecting the full face of the policy—that is, the $250—less

premiums forborne, and the fact that the assistant superintendent also stated he didn't know precisely the amount due and plaintiff should go to the office to ascertain it is immaterial here, for such does not amount to an admission against interest on the part of plaintiff, in that it in nowise repels the statement the assistant superintendent also made that her claim was only about six dollars, and this pertained to the cash surrender value.

The evidence touching the matter must be read all together, for the jury so considered it, and it appearing, as it does, that the assistant superintendent said the value of the policy was only about six dollars and that pertained to the cash surrender value, it suffices to support the finding of fact that defendant denied liability on the face of the policy—that is, for its full value less the premiums forborne. Moreover, as before said, the jury were authorized from this to find, too, that defendant was estopped to assert plaintiff's failure to furnish the proof of death otherwise required by the statute, in view of such representations so made by its assistant superintendent, for they bear the interpretation of being calculated to lead her to believe that the only amount due on the policy was an insignificant cash value, which, of course, implies as well that the face of the policy, less the forborne premiums, was not payable in any event.

But defendant insists that the policy is relieved from the application of the several sections of the Nonforfeiture Statutes entirely because it contains provisions assuring both a cash surrender and a paid-up insurance value, which suffice, under the provisions of section 6949, Revised Statutes 1909. We shall examine, first, the provisions of the policy touching the matter of a cash surrender value and thereafter that pertaining to paid-up insurance. It is true that section 6949 authorizes life insurance companies to incorporate certain stipulations in their policies which

may relieve them of the obligation to respond otherwise in accordance with sections 6946, 6947, 6948—that is, in accord with the Nonforfeiture Statutes. Section 6949 provides the three preceding sections shall not be applicable in the following cases, to-wit: "If the policy shall contain a provision for an unconditional surrender value, at least equal to the net single premium for the temporary insurance provided for hereinbefore." The first provision quoted relates to the duty of the insurance company to set forth in its policy a contract therein contemplated touching the matter of a cash surrender value on the policy, and if defendant has complied with the statute, it is certainly relieved from the obligation to respond under the prior nonforfeiture sections referred to as for extended insurance. The provision in the policy concerning this matter is as follows: "In case of default after premiums shall have been paid for three or more full years, this policy will have a surrender value, subject to the laws of Massachusetts applicable thereto, payable on proper surrender upon any subsequent anniversary of its issue."

The laws of Massachusetts are not in evidence and what surrender value such a policy may have under such laws does not appear. But be that as it may, it is certain that the policy before us does not contain "a provision for an unconditional surrender value at least equal to the net single premium for the temporary insurance provided for hereinbefore," as contemplated by section 6949, Revised Statutes 1909, because it is clear the surrender value referred to in this provision of the policy is not an "unconditional surrender value," in that it is conditioned to be payable only on a "subsequent anniversary" of the issue of the policy. In order to relieve the policy from the operation of the prior sections relating to extended insurance through incorporating a provision as to the cash surrender value contemplated in section 6949, such provision

must be wholly unconditional and without restriction whatever. [Smith v. Mutual Ben. Life Ins. Co., 173 Mo. 329, 338, 339, 72 S. W. 935.] The provision in the policy above set out is not unconditional as to this, but restricts the right to an immediate cash payment of the surrender value on surrender of the policy, in that it postpones such payment to a subsequent "anniversary of its issue." Obviously the cash surrender value so restricted and its payment thus postponed is conditioned accordingly, and such being true, the provision respecting it may not be regarded as unconditional. Defendant is, therefore, not relieved by this provision from the obligation to respond as for extended insurance.

We come now to consider the matter pertaining to the provision in the policy for paid-up insurance. Under the provision of section 6949, Revised Statutes 1909, the policy may be relieved of the influence of the prior sections above referred to pertaining to extended insurance if it shall contain a provision "for the unconditional commutation of the policy for nonforfeitable paid-up insurance." The only provision in the policy which may be regarded as touching upon this matter is as follows:

"In lieu of the payment of such surrender value in cash, upon application made within three months from date of default in the payment of premiums, and upon evidence of good health presented and approved at its home office, the company will grant equivalent extended insurance dating from the last anniversary to which the premiums shall have been fully paid; and in such case should the death occur within one year from the date of default, the unpaid premiums to the date of death will be deducted from the proceeds hereof; if such extension shall run to the end of the original endowment term, the balance of value, if any remain, will be paid as an endowment in cash, and in full satisfaction of this policy. Or, if the surrender value

amounts to ten dollars or more, upon like application its equivalent in paid-up insurance will be granted."

This provision says the company will grant equivalent extended insurance, and then in concluding employs the term "paid-up insurance." We shall consider the provisions touching paid-up insurance. But it is obvious that the provision does not stipulate the unconditional commutation of the policy for nonforfeitable paid-up insurance, and nothing short of this will suffice. In other words, there is no such provision for an automatic conversion of the insurance into a paid-up policy in any amount, for it is conditioned upon an application for such paid-up insurance to be made in three months. The statute (section 6947, R. S. 1909) provides that the insured may make his demand for a paid-up policy not later than sixty days from the beginning of the extended insurance period, and, in a similar case, where the provision contained in the policy authorized paid-up insurance on demand within six months, the Supreme Court said it was wholly unavailing to relieve against the Nonforfeiture Statutes, for the reason that it annexed a condition other than that authorized by the statutes. In other words, in order to be relieved, under the influence of section 6949, Revised Statutes 1909, from extended insurance as contemplated in the provisions of the Nonforfeiture Statutes, which precede it, there must be a stipulation in the policy for an unconditional commutation of the policy for nonforfeitable insurance. No such provision is contained in the policy before us and it is clear enough that the Nonforfeiture Statutes, affording extended insurance, control the situation, as between these parties, for the policy is in nowise relieved from their influence under section 6949. [See Cravens v. New York Life Ins. Co., 148 Mo. 583, 607, et seq., 50 S. W. 519; Paschedag v. Met. Life Ins. Co., 155 Mo. App. 185, 195, 196, 134 S. W. 102.] Then, too, the paid-up insurance is conditioned here upon the fact that the surrender value

must amount to ten dollars or more, and this will not do, for the provision must be unconditional.

In submitting the matter of the waiver of proof of death to the jury, plaintiff's instruction seems to reckon with the fact that defendant failed to furnish her blank statements for proof of death. There is a statute requiring fire insurance companies to do so, on receiving notice of the loss, but we are advised of no similar provision in the statutes requiring such in life insurance cases. The instruction, however, required the jury to find every fact essential to a waiver touching this matter, among other things that defendant denied liability under the policy beyond the cash surrender value thereof, etc., and conjunctively therewith it required a finding also that defendant had failed to furnish plaintiff blank statements for proof of death as if such were material. This was error because there is no duty on defendant to furnish such statements merely on receiving notice of the death. However, the error was in nowise material, for it merely required the jury to find one additional fact as a predicate to the waiver of proofs which were amply dispensed with according to the evidence above pointed out.

The other matters complained of are insubstantial and do not merit discussion in the opinion.

The judgment should be affirmed. It is so ordered. *Reynolds, P. J.,* and *Allen, J.,* concur.