ADELAIDE M. MILBURN, Respondent, v. ROYAL UNION MUTUAL LIFE INSURANCE COMPANY, a Corporation, Appellant.

Kansas City Court of Appeals. November 7, 1921.

1 INSURANCE: "Paid up" and "Extended Insurance" as Provided by Section 6154, Revised Statutes 1919, defined. Section 6154, Revised Statutes 1919, providing that where three annual premiums have been paid on a policy of life insurance, the holder shall be entitled to "paid-up or extended insurance," contemplates two different classes of insurance; "paid-up insurance" refers to insurance for the life of the insured upon which all premiums have been paid, and "extended insurance" defined as insurance for the full amount of the policy for the period contemplated by nonforfeiture table.

Milburn v. Life Ins. Co.

2. ———: Forfeiture: Courts are Careful to Prevent Avoidance of Statutory Provisions Relative to Nonforfeiture. The courts maintain watchful care over policies of life insurance to prevent avoidance of the statutory provisions relative to nonforfeiture.

3. ———: A Clause in a Policy of Life Insurance Modifying and Limiting the Right of Policy-Holder in Selection of Options is in Contravention of Statute. A policy of life insurance which provided that upon default after three annual premiums, the insured should have the choice of a cash surrender value, paid-up insurance or extended insurance, but required certain acts on the part of the insured as conditions precedent to the granting of either option, and further that if no choice was made, the option of continuing the policy for the stipulated amount of paid-up insurance should become effective without action on the part of the insured, was in contravention of the intent of sections 6151 and 6153, Revised Statutes 1919, relative to non-forfeiture after payment of three annual premiums and providing for temporary insurance for the full amount of the policy; Section 6154, Revised Statutes 1919, excepting policies providing for an unconditional surrender value, at least equal to the net single premium, for temporary insurance provided for in the preceding sections or for unconditional commutation of the policy for nonforfeitable paid-up insurance, does not apply as it is well settled that a provision that a policy will automatically become "paid-up" under any contingency or limitation is not in any sense the same as a provision for an unconditional commutation into a non-forfeitable paid-up policy.

4. ———: Upon Default of Insurer to Pay Installments as Prescribed in Policy the Full Amount Thereof Becomes Due and Payable. Where a life insurance policy is payable in monthly installments, and the insurer makes default in payment thereof as prescribed in the contract, the insurer is liable for full amount regardless of time and terms on which contract, if kept and observed, would have entitled it to make payment, as the law frowns upon a multiplicity of cases where one action will suffice.

Appeal from the Circuit Court of Jackson County.— *Hon. E. E. Porterfield*, Judge.

AFFIRMED.

*Clarence L. Hogin* and *Ball & Ryland* for respondent.

*N. M. Hubbard, Jr.* and *J. W. Perry* for appellant.

ARNOLD, J.—This is a suit on a policy of life insurance. From an agreed statement of facts it is learned that on or about the 1st day of November, 1915, the defendant, a corporation duly organized and existing under the laws of Iowa and licensed to do business in Missouri, issued its policy of insurance in the sum of $6000, payable in 240 equal monthly instalments of $25 each, on the life of Thomas A. Milburn of Kansas City, Missouri, in which plaintiff herein, wife of insured, was designated as beneficiary. The policy was duly delivered and thereupon became effective.

The insured paid all the premiums under the terms of said policy up to, but not including the premium due January 1, 1919. That is, he paid three annual premiums on said policy. The premium due January 1, 1919, was not paid when due nor within the period of 31 days grace specified in the policy; nor was it paid at any time thereafter. The insured died on April 4, 1919.

On or about April 10, 1919, plaintiff furnished proofs of death of insured and made demand of defendant for the sum of $6000, under the terms of the policy. Defendant denied liability for the said sum of $6000, and asserted it was liable only for the sum of $428, under said policy, and tendered payment of this amount in full discharge of such liability, which tender plaintiff refused.

In an agreed statement of facts, it was specifically set out that "if as a matter of law the reserve on the policy is to be applied as a single premium to purchase extended insurance for the face of the policy, then it is agreed that the period of extended insurance so purchasable would extend beyond the date of the death of the insured; and the defendant would be liable for the amount of the face of the policy payable according to its terms. If on the other hand, under the law, and the terms of the policy, it is excepted and excluded from the provisions of the extended insurance law of Missouri,

the defendant would be liable only for the amount of paid-up insurance provided for in the policy."

The two theories presented in the paragraph above quoted are the basis of the disagreement between the parties as to the proper construction to be placed upon that clause in the policy which reads:

"Guaranteed Surrender Value and Non-Forfeiture Benefits. At the end of the third or any subsequent policy year, and on default in payment of a subsequent premium or at any time within the period of grace thereafter, the owner of this policy shall be entitled to any one of the following guaranteed surrender and non-forfeiture benefits, the amounts of the same being stipulated in the table given below, for the number of full years for which premiums shall have been paid, the net value of which shall not be less than the legal reserve on the policy and any existing additions thereto at the end of such years, computed by the American Experience Table of Mortality and three and one-half per cent interest, less a sum of not more than two and one-half per centum of the amount insured by the policy and of any existing additions thereto: (a) the cash values stipulated herein shall be at least equal to the sums which would otherwise be available for the purchase of paid-up insurance under options (b) and (c), and shall be paid on surrender of the policy to the company, properly receipted; (b) the policy, on presentation to the company for the endorsement and on written request of the insured, will be continued in force for the full amount of insurance hereunder and without further payment of premiums or medical re-examination and without the right to loans or dividends, for the period specified herein; (c) the policy, on presentation thereof to the company for endorsement, will be continued in force for the reduced amount of non-participating paid-up insurance stipulated herein, payable as originally provided."

The differences arise from the inability of the parties to agree that the clause last above quoted is in harmony with the provisions of sections 6946-48-49, Revised Statutes 1909. A jury was waived and the cause tried to the court, resulting in a verdict for plaintiff in the sum of $6450. Defendant appeals.

The petition sets out plaintiff's contentions as stated in the agreed statement of facts, and asks judgment for $6000. The first amended answer denies liability in excess of the sum of $428, and sets up the provisions of the policy relative to guaranteed surrender value and non-forfeiture benefits.

The policy, which was introduced in evidence, provides that in the event of default after three full annual premiums have been paid the insured has three options, as follows: To accept (1) a cash surrender value of $292; (2) paid up insurance of $428; (3) extended insurance for 1 year and 10 months as shown by the "table of guaranteed loan and surrender value and non-forfeiture benefits," and provides that the owner of the policy, after default, shall be entitled to any one of the three options above indicated, modified, however, by the following: "(a) the cash values stipulated herein shall be at least equal to the sums which would otherwise be available for the purchase of paid-up insurance under options (b) and (c), and shall be paid on surrender of the policy to the company, properly receipted; (b) the policy, on presentation to the company for the endorsement and on written request of the insured, will be continued in force for the full amount of insurance hereunder and without further payment or medical re-examination and without the right to loans or dividends, for the period specified herein; (c) the policy, on presentation thereof to the company for endorsement, will be continued in force for the reduced amount of non-participating paid-up insurance stipulated herein, payable as originally provided.

"If no choice of other options has been made, option (c) becomes effective without action on the part of the insured; and whenever presented the policy shall be so endorsed."

Section 6946, Revised Statutes 1909 (sec. 6151, R. S. 1919) provides: "No policies of insurance on life hereafter issued by any life insurance company authorized to do business in this State, on and after the first day of August, A. D. 1879, shall, after payment upon it of three annual payments, be forfeited or become void, by reason of nonpayment of premiums thereof, but it shall be subject to the following rules of commutation, to-wit:" The section then proceeds to define the manner of commutation: "The net value of the policy, when the premium becomes due, and is not paid, shall be computed upon the actuaries' or combined experience table of mortality, with four per cent. interest per annum, and after deducting from three-fourths of such net value, any notes given on account of past premium payments on said policy issued to the insured, and any evidence of indebtedness to the company, which notes and indebtedness shall be then canceled, the balance shall be taken as a single premium for temporary insurance for the full amount written in the policy; and the term for which said temporary insurance shall be in force shall be determined by the age of the person whose life is insured at the time of default of premium, and the assumption of mortality and interest aforesaid . . ."

Section 6948 provides: "If the death of the insured occur within the term of temporary insurance covered by the value of the policy as determined in section 6946 (sec. 6151, R. S. 1919), and if no condition of the insurance other than the payment of premiums shall have been violated by the insured, the company shall be bound to pay the amount of the policy, the same as if there had been no default in the payment of premium, anything in the policy to the contrary notwithstanding. *Provided, however,* that notice of the claim and proof of the death shall be submitted to the company in the same

manner as provided by the terms of the policy within ninety days after the decease of the insured . . ."

Section 6947 Revised Statutes 1909 (sec. 6152, R. S. 1919) provides for the issuance of a paid-up policy on demand, the terms of which do not enter into the determination of this case.

Section 6949 (sec. 6154, R. S. 1919) provides that the precedng sections shall not be applicable (1) if the policy shall contain a provision for an unconditional surrender value, at least equal to the net single premium, for the temporary insurance provided for in preceding sections, or (2) for the unconditional commutation of the policy for nonforfeitable paid-up insurance or, (3) if the legal holder of the policy shall, within sixty days after default of premium, surrender the policy and accept from the company another form of policy, or (4) if the policy shall be surrendered to the company for a consideration adequate in the judgment of the legal holder thereof, then, and in any of the foregoing cases, this article shall not be applicable.

There is a proviso in this section as follows: "Provided that in no instance shall a policy be forfeited for nonpayment of premium after the payment of three annual payments thereon; but in all instances where three annual premiums shall have been paid on a policy of insurance, the holder of such policy shall be entitled to paid-up or extended insurance, the net value of which shall be equal to that provided for in this article."

The clause in the proviso of the act above quoted referring to "paid-up or extended insurance" contemplates two different classes of insurance. "Paid-up insurance" refers to insurance for the life of the insured upon which all premiums have been paid; "extended insurance" is defined as insurance for the full amount of the policy for the period contemplated by nonforfeiture table, which in the case at bar is 1 year and 10 months. [Nichols v. Ins. Co., 176 Mo. 355, ad cases therein cited."]

We must first determine whether the policy, under the facts in the instant case comes within the limits of any of the exemptions detailed in section 6949, Revised Statutes 1909, above. First, does the policy contain "an unconditional surrender value at least equal to the net single premium for the temporary insurance provided for" by the act? And as this question is the basis of one of the contentions between the parties, its determination is necessary at this time.

Defendant contends that under the terms of the policy and the facts as agreed to, and the evidence, the policy is excepted from the provisions of section 6946, and that, taking all its provisions together, it clearly comes within the terms of section 6949, and that by the terms of the policy a more liberal choice of rights in the event of default after payment of three annual premiums is given insured than is provided by statute.

We have carefully followed the argument of counsel for defendant and examined the authorities cited, and fail to find ourselves convinced of the soundness of this contention. True, the terms of the policy do give the insured three options in case of forfeiture after payment of three annual premiums; but these options are modified in that they require such acts on the part of the insured as to denude them of the unconditional element contemplated by the statute.

And this is not all. The further modification, "if no choice of other options has been made option (c) shall become effective without action on the part of the insured; and whenever presented the policy shall be so endorsed," completely removes from the holder of the policy any choice.

This principle of law would seem to have been determined by this court in Ross v. Insurance Co., 228 S. W. p. 889, wherein it is held: "It will be observed that the statute provides for an unconditional commutation of the policy for nonforfeitable paid-up insurance, and that that character of insurance is not provided for in these policies, in that the provision found

in them is not for unconditional commutation for non-forfeitable paid-up insurance, but merely for a paid-up policy.''

It is true that in that case the policy contained the provision: ''If this policy shall lapse after being in force three full years it will automatically become a paid-up policy for such amount as is hereinafter set forth in the 'Table of Surrender and Loan Values' herein.''

In the case at bar the contention is urged that, inasmuch as the terms of the policy give the insured a choice of three options, the policy meets the statutory requirements. Yet the enumeration of options is followed by the clause ''if no choice of other option has been made, option (c) shall become effective.'' Option (c) provides for a paid-up policy only. The options had just as well not been offered, for the clear intention is to avoid the nonforfeiture clause of the statute. A policy for paid-up insurance is not the same as a policy for an unconditional commutation of a policy for nonforfeitable paid-up insurance.

The courts have maintained watchful care over policies of life insurance to prevent avoidance therein of the statutory provisions relative to nonforfeiture. [Smith v. Ins. Co., 173 Mo. 329, 72 S. W. 935; Cravens v. Ins. Co., 148 Mo. 583, 50 S. W. 519.] And we deem it well settled that a provision that a policy will automatically become ''paid up'' under any contingency or limitation, is not in any sense the same as a provision for an unconditional commutation into a nonforfeitable paid-up policy. [Whittaker v. Ins. Co., 133 Mo. App. 664, 114 S. W. 53; McLeod v. Ins. Co., 190 Mo. App. 653, 176 S. W. 234.]

For the reasons above stated we hold that the clause in the instant policy modifying and limiting the right of the policy-holder in the selection of options is in contravention of the intent of the statute. We have examined the case of Bothmann v. Ins Co., 231 S. W. 1007, decided recently by the St. Louis Court of Ap-

peals, and fail to find therein anything to change our views above expressed.

Further defendant contends that the court erred in rendering judgment for the full amount of the policy, including instalments which have not yet matured. In support of this contention, learned counsel for defendant argue that said judgment is not in accordance with the terms of the contract sued on; that the contract provides that upon the death of the insured, the amount therein provided for, viz., $6000, shall be payable in monthly instalments of $25 each.

In answer to this argument plaintiff maintains that defendant, being in default in making payment as prescribed in the contract, is liable for the full amount regardless of the time and terms on which the contract, if kept and observed, would have entitled it to make payment.

It is not deemed necessary for this court, in this opinion, to analyze the cases cited by contending counsel, each in support of his view of the case. It is well settled that the law frowns upon a multiplicity of cases where one action will suffice. Defendant's position that in the instant case the judgment should have been rendered, in any event, only for the instalments then due, is contrary to this well-known principle of law. Plaintiff cites Knisely v. Leathe, 256 Mo. 341, in support of his contention that the law of this State is well settled that when defendant failed to perform its contract and defaulted, all the instalments thereby became due and payable.

We think this is good law and applies in this case. This is a suit on contract, and the principle that defendant, being in default in making payments as prescribed in the contract the full amount became due and payable, is controlling. This principle is so fundamental that citations are unnecessary. Having decided the first contention against defendant, the second point urged is, naturally, resolved against it. The judgment is affirmed.

All concur.