Floyd E. FREYTAG, Raymond Buxton, and John N. Davis, III, constituting the Board of Commissioners for Plateau Utility District, Plaintiffs/Appellees,

v.

S.S. CRASS, Jr., Jackie Jackson and Robert West, constituting the Board of Commissioners for Cumberland Utility District and Edward Roberts, Manager of Cumberland Utility District, Defendants/Appellants.

Court of Appeals of Tennessee,
Eastern Section.

May 19, 1995.

Permission to Appeal Denied by
Supreme Court Sept. 18, 1995.

Browder G. Williams, Harriman, for Defendant/Appellants.

Joe R. Judkins, Wartburg, for Plaintiffs/Appellees.

## OPINION

McMURRAY, Judge.

This is a contract dispute between Plateau Utility District and Cumberland Utility District. Both utility districts were chartered pursuant to T.C.A. § 7–82–101, *et seq.* The individually named parties are the commissioners or officers of each utility district, respectively. For convenience, we will refer to the plaintiffs-appellees as "Plateau" and the defendants-appellants as "Cumberland."

In October, 1986, the parties entered into a written contract where Plateau was to purchase water from Cumberland. The contract was for a five year period with Plateau having a right to extend the contract for a "like term at the option of the purchaser." At the expiration of the original five year term, Plateau continued to purchase water under the same terms and conditions as specified in the contract. The present action, ostensibly a declaratory judgment suit, was instituted by Plateau, seeking to have the court declare that Plateau had a valid and binding oral agreement with Cumberland, and asking the court to decree and determine the respective rights, duties, and responsibilities of the parties. On August 5, 1993, the plaintiffs obtained a restraining order prohibiting Cumberland from terminating water service to Plateau pending final resolution of the rights and responsibilities of the parties.

In its complaint, Plateau charged Cumberland with charging for a "minimum" billing under the terms of the written contract which they claim was not due. They further averred that Cumberland had threatened to terminate water services "without good cause", to the detriment to Plateau and its users.

On August 18, 1993, an agreed order was entered granting a temporary injunction whereby Cumberland was enjoined from cutting off the supply of water upon Plateau depositing into court the sum of four thousand, nine hundred fifty-four dollars and ninety-five cents ($4,954.95), representing the amount Cumberland claimed to be owed to it as of the date of the agreed order, and further upon condition that Plateau would pay immediately upon being billed by Cumberland for all current usage. The order further provided that in the event Plateau failed to comply with the conditions set out in the order, the injunction would immediately become void and of no effect.

On December 2, 1993, Cumberland filed its answer denying the existence of an oral contract with Plateau, alleging in substance that Plateau, by continuing to purchase water from Cumberland under and upon the same circumstances, had effectively extended the written agreement for an additional five year period.[1]

Cumberland also filed a counter-complaint alleging that the written contract mentioned above was still in force and effect and that the counter-plaintiff and counter-defendant had, through May, 1993, continued to operate under this agreement with Plateau paying its monthly bill when due. They further alleged that Plateau used no water during June, 1993, and Cumberland billed Plateau for the "minimum" bill established by the written agreement. Plateau refused to pay. Cumberland claimed that, as of November 8, 1993, Plateau was indebted to Cumberland for the sum of $14,279.02 and the indebtedness continues to accrue late charges and the bill continues to grow because of Plateau's failure to pay the minimum bill.

After a trial on the merits, the trial judge issued a memorandum opinion. In his opinion, the trial court found, *inter alia*, that neither party presented evidence that either utility district discussed or took action at their meeting or through their minutes concerning the renewal or extension of the contract. The court further stated:

> The court finds that the actions of the parties in continuing to operate under the terms of the contract at its termination amounts to an exercise of the option to

1. The contract is silent as to the way and manner the contract may be extended.

renew to extend the contract for a like term of five (5) years.

The plaintiff (sic) [Cumberland] takes the position that the defendant (sic) [Plateau] is obligated under the contract to pay the minimum monthly amount for the second term of five (5) years. However, as shown by exhibit 8, [the defendants] Cumberland has chosen to terminate the service for nonpayment. This amounts to a termination of the agreement by the [defendant].[2]

The court found that the notice sent by Cumberland to Plateau threatening to cut off their service for payment of its bill resulted in a termination of the contract. The court awarded a judgment in favor of Cumberland and against Plateau for $7,809.95, the amounts due through the date he found the contract to have been terminated. He disallowed any delinquency charges since delinquency charges were not provided for in the contract. From this judgment, Cumberland has appealed asserting the following issue:

The trial court erred in holding that Cumberland had terminated this contract by sending the notice in exhibit # 8, and then relieving Plateau of its obligation for the minimum monthly billing under the contract for the balance of the second five (5) year term.

Plateau has asserted the following issues for our review:

1. Whether the court erred in finding that the written contract between the parties was extended for a period of five years.

2. If the written contract between the parties had been extended, whether Cumberland Utility District is entitled to an award of damages.

Apparently, this concept is a case of first impression in this jurisdiction. Counsel in their briefs have called no Tennessee authorities to our attention nor has our research revealed any. 17A Am.Jur. 2d, Contracts § 519, contains the following pertinent statement:

... It has also been held that if a contract for which a fixed period of duration is provided further declares that on the expiration of such a period a party, at his option may continue the agreement for another similar term, notice of an election to exercise the option to renew will not be required, in the absence of a contrary provision in the agreement; a continued exercise of the rights conferred by the contract, after the expiration of the first of its duration, will be sufficient.

■ We find the statement in Am.Jur. 2d to be especially persuasive in view of the circumstances of this case. Here, Plateau, filed its action against Cumberland alleging an oral contract when, indeed, no evidence of an oral contract existed. Plateau sought to retain the benefit of the contract and continued to perform in accordance with its terms. Further, Plateau sought and obtained a restraining order preventing, in effect, Cumberland from terminating the contract for any reason. As hereinbefore noted, a temporary injunction was thereafter obtained to remain in full force and effect so long as Plateau paid immediately upon being billed by Cumberland for all current usage.

■ We therefore accept the following principle as dispositive of this issue of the case:

Where a party has an option or right to extend a contract for a definite period of time, under the same terms and conditions as the original term, remains silent at the end of the original term and continues to perform under the terms of the contract; and the other party to the agreement likewise remains silent but likewise continues to perform under the terms of the contract, then there has been an extension for a like period by acquiescence, absent a provision in the contract to the contrary.

Such is the case here. We concur with the findings and conclusions of the trial court that the Plateau, by continuing to operate under the terms of the contract at its termi-

2. As pointed out by the parties in their briefs, the trial judge in his memorandum opinion reversed the plaintiffs and defendants and each reference to the plaintiffs was in fact a reference to the defendants and each reference to the defendants was a reference to the plaintiffs.

nation amounts to an exercise of the option to renew for an additional five (5) years.

■ When Plateau decided that it no longer needed to purchase water from Cumberland, it refused to pay the minimum charges pursuant to the terms of the contract. Cumberland then sent Plateau a notice that it would discontinue service to Plateau if the amount due on their account was not paid by the due date of September 14, 1993. This notice, hereinbefore identified as exhibit # 8 was the evidence upon which the trial judge determined that Cumberland had terminated the contract. We respectfully disagree with the conclusion reached by the trial court. At the time the notice was sent to Cumberland by Plateau, Plateau was already in breach of its contract with Cumberland. Cumberland was at that time entitled, if it was of a mind to do so, to immediately file suit for damages against Plateau for breach of contract.

In *Jamison v. Jamison Pest Control*, 852 S.W.2d 884 (Tenn.App.1992), we find the following discussion:

A renunciation or repudiation of a contract before the time for performance, which amounts to a refusal to perform it at any time, gives the adverse party the option to treat the entire contract as broken and to sue immediately for damages as for a total breach. In other words, if one party to a contract repudiates his duties thereunder prior to the time designated for performance and before he has received all of the consideration due him thereunder, such repudiation entitled the non-repudiating party to claim damages for total breach.... [Citing 17A Am. Jur.2d, Contracts, Sec. 737].

In *Church of Christ Home for Aged v. Nashville Trust Co.*, 184 Tenn. 629, 202 S.W.2d 178 (1947), our Supreme Court said:

It is also a well recognized rule that a cause of action arises when the acts and conduct of one party evince an intention no longer to be bound by the contract. In *Brady v. Oliver*, 125 Tenn. 595, 147 S.W. 1135, 41 L.R.A., N.S., 60, Ann.Cas. 1913C, 376, it was held:

"Where one party to a contract announces in advance his intention not to perform it, the other party hereto may treat the contract as broken, and sue at once for the breach, without waiting for the time fixed for performance."

When there is a total breach, plaintiff may recover for the value of that part of the performance which was due at the time of trial and also recover for the value of that part of the performance which is to come due after the trial. *See* McCormick, Damages § 144 (1935).

*Jamison*, supra, at pages 885 and 886.

In this case, as in *Jamison*, supra, Plateau committed an absolute breach of the contract at a time when Cumberland was entitled to require performance. Cumberland was not bound to wait to see if Plateau would change its decision and perform according to the terms of the contract. Cumberland had the right to treat the contract as absolutely and finally broken. Thus, Cumberland could recover all damages, past or future, resulting from the total breach of the contract. *See Pierce v. Tennessee Coal, Iron & R.R. Co.*, 173 U.S. 1, 19 S.Ct. 335, 43 L.Ed. 591 (1899), cited in *Jamison*, supra.

In this case, the damages are for all practical purposes liquidated. Regardless of usage, Plateau is required, under the terms of the contract to pay a "minimum rate per month" regardless of usage. Thus, we are of the opinion that Cumberland was entitled to recover damages up to and including the date of the trial and in addition, the minimum usage charge for the remainder of the term of the contract, reduced to present value. Therefore, we respectfully disagree with the conclusion reached by the trial court that the notice Cumberland sent to Plateau that it would discontinue service to Plateau if the amount due on their account was not paid by the due date of September 14, 1993, cut off Cumberland's right to recover damages accruing thereafter.

Our resolution and disposition of the issue raised by Cumberland also resolves the issues presented by review by Plateau. Accordingly, we affirm the judgment of the trial court finding that the contract had been extended for an additional period of five years,

but reverse the judgment of the trial court as to the amount of damages.

We, therefore, remand the case to the trial court for a determination of the additional damages to which Cumberland is entitled. Costs of this appeal are taxed to the appellees.

GODDARD, P.J., and SANDERS, Senior Judge, concur.